93   429
102   614

THE CITY OF DETROIT v. HEINRICH M. SCHILLING ET AL.

*Condemnation proceedings—Payment of award—Construction of will.*

1. A condemnation suit is not the proper proceeding in which to determine important questions involved in the construction of a will.

2. Where, in such a case, the executor is rightfully in possession of the condemned property, the award should be turned over to him, and the parties interested can then proceed in the probate court to determine their rights.

Appeal from recorder's court of Detroit. (Chambers, J.) Argued October 13, 1892. Decided November 4, 1892.

Condemnation proceedings. Respondents appeal. Case remanded, with instructions to pay the award over to the

executor. The facts are stated in the opinion, and in *City of Detroit v. Robinson, ante,* 426.

*Frank A. Rasch* and *Henry A. Mandell (John J. Speed,* of counsel), for petitioner.

*Edwin F. Conely* and *Orla B. Taylor,* for respondents.

GRANT, J. The respondents in this case are co-respondents with those in *City of Detroit v. Robinson, ante,* 426. The other questions having been disposed of in that case, the only questions now to be considered arise upon the distribution of the award.

One Catherine Schilling died seised of real estate through which the proposed street will run. She left five children. She left a will, which reads as follows:

"The last will and testament of Catherine Schilling, of the city of Detroit, county of Wayne, and State of Michigan:

"I, Catherine Schilling, of the city of Detroit, county of Wayne, and State of Michigan, being of the age of forty-four (44) years, and being of sound mind and memory, do make, publish, and declare this to be my last will and testament, in manner following, that is to say:

"*First.* After the payment of my legal debts, the debts of my funeral, and other expenses, I give and bequeath and devise my estate as follows: To my four children, Heinrich Martin Schilling, George Ludwig Schilling, Herman Martin Schilling, and Maria Wilhemina Schilling, each one-fifth part, and to the child or children of my daughter Caroline Friederika, formerly Schilling, and at present the wife of Thomas Moore, of Detroit, Michigan, one-fifth part, of all my real and personal estate, goods, and chattels, moneys on hand, in bank or otherwise, bills receivable, and all other articles of every name and nature.

"*Second.* Provided, always, that none of my said real estate shall be sold or divided between my said heirs before my youngest child is at the age of twenty-one (21) years.

"*Third.* And it is hereby expressly provided that in case my daughter Caroline Friederika, wife of Thomas Moore, should die without leaving any child or children,

then their fifth part shall be given to my first four mentioned children, share and share alike.

"*Lastly.* I nominate and appoint Henry Schindehutte, of Bay City, Michigan, sole executor of this, my last will and testament, and I do hereby revoke all former wills made by me.

"In witness whereof I have hereunto set my hand and seal this fourth day of June, A. D. 1883.

"CATHERINE SCHILLING. [Seal.]

"The foregoing instrument, consisting of one sheet, was at the date hereof signed, sealed, and published, and declared by Catherine Schilling as and for her last will and testament, in presence of us, and in her presence, and in the presence of each other, have subscribed our names as witnesses thereto.

"RICHARD F. DUVERNOIS, of Detroit, Mich.
"JAMES WALLACE, of Detroit, Mich."

All of the children of the testatrix survived her. Her daughter Caroline Moore was dead at the time the petition in this case was filed. The children of Catherine Schilling, viz., Heinrich, George, Herman, and Maria, Thomas Moore, and Hellener Delia Moore, the infant child of Thomas and Caroline Moore, were made parties, as the persons interested in the property. George, Herman, and Maria were minors. One Henry Schindehutte, who was their general guardian, was appointed guardian *ad litem*, and one John B. Teagan was appointed guardian *ad litem* of Hellener. Under the direction of the court, the jury awarded four-fifths of the award to the four children of Catherine Schilling, and one-fifth to Thomas Moore. Subsequently the court amended the award so as to divide this one-fifth between Thomas Moore and his daughter, Hellener, as the owners of one-fifth of the land.

Caroline Moore had two children, the elder of whom was dead when this petition was filed. The record does not disclose when either of these parties died, but the order of their deaths was as follows: First Catherine Schilling, the testatrix; then Caroline's first child; then

Caroline Moore. We may infer that Catherine Schilling has been dead for some years. Mr. Schindehutte, as executor of the estate, testified that as such executor he had had charge of this property about 12 years. He is, of course, mistaken as to the time, for the will was not executed until June, 1883. But it is perhaps from this a fair inference that she died shortly after making the will.

The attorneys for the estate of Catherine Schilling insist:

1. That the court was without jurisdiction to distribute the award, and that the right of distribution belonged to the probate court.

2. That the property must remain intact and undivided until the majority of the youngest child, and that the award must be considered as real estate, under the provisions of the will, and take the same course.

3. That Thomas Moore has no interest in the estate.

While it is true that the will does not, in express terms, make the executor a trustee to retain possession of the property, and preserve it intact until the majority of the youngest child, and while it is also true that an administrator or executor is not, under our statute, entitled to the possession of the real estate, unless such possession is rendered necessary for the payment of debts, legacies, or expenses of administration, yet it appears in this case that the executor is in possession, and that he has for several years had the entire control of the property without objection. Presumably the executor is rightfully in possession, since he is acting under the order and direction of the probate court. For the purposes of this case, therefore, it must be presumed that necessity exists for his possession. It appears that he rents the property, pays the taxes, and makes the needful repairs, and that he has done so for several years.

A condemnation suit is not the proper proceeding in

which to determine the important questions involved in the construction of this will. The award should be turned over to the executor, and the parties can then proceed in the probate court to determine their rights. We therefore express no opinion upon the other questions raised.

The condemnation proceedings were regular, and the case will be remanded, with instruction to the court below to direct the payment of the award to the executor. The appellants will recover the costs of this Court

The other Justices concurred.