IN THE MATTER OF THE ESTATE OF CATHERINE SCHILLING, DECEASED. DELLA MOORE v. HENRY SCHINDE-HETTE, EXECUTOR, ETC., ET AL.

*Will—Estates in land—Restraint upon alienation.*

A mother devised to four of her children each one-fifth of her estate, and to the child or children of a fifth child the remainder of the estate. The will then provided that none of the real estate should be sold or divided between said devisees before the youngest child should arrive at full age, and that, in case the fifth child should die leaving no child or children, the remainder of the estate should be given to the four devisees, share and share alike. The fifth child had one child when the will was executed and at the time of the death of the testatrix. Two daughters were thereafter born to her, one of whom, as also the child first mentioned, died before their mother. And it is held that, as to the real estate devised to the four children in fee, the proviso restricting its alienation or division before the youngest child should attain full age is void; nor can it now be upheld as to the remaining one-fifth, which vested in the surviving grandchild at the death of her mother.

*Certiorari* to Wayne. (Donovan, J.) Submitted on briefs October 31, 1894. Decided December 7, 1894.

Defendants bring *certiorari* to review an order of the circuit court affirming an order of distribution made in the probate court. Affirmed. The facts are stated in the opinion.

*Edwin F. Conely* and *Orla B. Taylor,* for appellants.

*A. G. Pitts* and *Julian G. Dickinson,* for claimant (Della Moore).

LONG, J.   Catherine Schilling died testate September 19, 1883, leaving five children her surviving, to wit, Caroline Friederika, wife of Thomas Moore; Heinrich M., aged 18 years; George L., aged 13; Herman M., aged 11; and Maria W., aged 6 years. The will was admitted to probate October 23, 1883. The provisions of the will necessary to a discussion of this case are as follows:

"*First.*   After the payment of all my debts and debts of my funeral and other expenses, I give and bequeath and devise my estate as follows:   To my four children Heinrich Martin Schilling, George Ludwig Schilling, Herman Martin Schilling, and Maria Wilhelmina Schilling, each one-fifth (1-5) part, and to the child or children of my daughter Caroline Friederika, formerly Schilling, and at present wife of Thomas Moore, of Detroit, Michigan, one-fifth (1-5) part, of all my real and personal estate, goods, chattels, moneys on hand, in bank or otherwise, bills receivable, and all other articles of every name and nature.

"*Second.*   Provided always, that none of my said real estate shall be sold or divided between my said heirs before my youngest child is at the age of twenty-one (21) years.

"*Third.*   And it is hereby expressly provided that in case my daughter Caroline Friederika, wife of Thomas Moore, should die without leaving any child or children, then their fifth part shall be given to my first four-mentioned children, share and share alike."

At the time of the death of the testatrix, her daughter Caroline Friederika Moore had one child, Grace by name.[1]

---

[1] Grace was born September 18, 1882, and the will was executed June 4, 1883.

September 20, 1884, another daughter was born,—the present claimant, Della Moore,—and in November, 1886, Grace died. In 1887, another daughter, Minnie by name, was born to Caroline Friederika Moore, but she died in the fall of that year, and shortly after her death the mother died. Thus the only child living at her death was Della. The bulk of Mrs. Schilling's property was in real estate, and it so remained until January 12, 1891, when the greater portion of it was condemned by the city for the purpose of opening a street. Thereby a fund of $4,475 was created, which by order of this Court was turned over to the executor, and is now in his hands.[1] It is agreed between counsel that the fund thus created shall be treated as real estate, and is subject to the law relating thereto. Upon the settlement of the estate the probate court made an order of distribution of the residue after payment of debts, etc., giving to Della Moore one-fifth part. The executor and the other devisees appealed. This order of distribution was affirmed in the circuit. An appeal is taken from that order of affirmance.

Counsel for claimant, Della Moore, contend:

1. That upon the death of Caroline Friederika Moore the claimant, Della, became absolutely entitled to a one-fifth interest in said estate.

2. That the second paragraph of the will, which provides that no distribution of the estate shall be made until the youngest child becomes of age, is invalid, and therefore the claimant is entitled to immediate possession of her share.

The probate and circuit courts must have arrived at this conclusion, as an order of distribution was made, though the youngest child of the testatrix has not yet attained her majority.

On the other hand, it is contended by counsel for ap-

---

[1] See *City of Detroit v. Schilling*, 93 Mich. 429.

pellants that the estate granted to the claimant is a vested future estate, without the intervention of a precedent estate, subject to be divested in favor of the children of the testatrix upon the happening of a contingency subsequent, to wit, the extinction of the class now consisting of the claimant, Della Moore, before the period of distribution; and counsel argue that it is the contingent interest of the children of the testatrix which counsel for claimant leave out of sight; that it is this interest which, in this case, prevents the claimant from taking a fee-simple; that the fee is not held in abeyance, but is vested; that counsel for claimant make no distinction between an estate defeasible upon condition subsequent and a fee-simple; that the fee passes in the one instance as well as in the other; that the claimant has a fee interest, but not a fee-simple absolute interest. Claim is therefore made that such construction should be given the will as to protect the contingent remainder over to the children of the testatrix, and hence no distribution should be made until the arrival at age of the youngest child of the testatrix, as that is the period fixed by the will for distribution.

We cannot assent to this proposition. By the first paragraph of the will the four children Heinrich Martin, George Ludwig, Herman Martin, and Maria Wilhelmina were each given one-fifth. This is a devise to each of them of one-fifth of the estate in fee-simple absolute. The other fifth is given by the same paragraph to the child or children of Caroline. The child or children of Caroline take this one-fifth subject to the conditions of the third paragraph. But by this third paragraph, if Caroline should die without leaving any child or children, the four children of the testatrix first named were to take this other fifth in fee; if, however, Caroline left child or children her surviving, such child or children should take

this fifth in fee.  Caroline did leave a child her surviving, the claimant in this case.

In giving construction to the will, we must, if legal, carry out the intent of the testatrix.  This one-fifth is the only part in controversy.  When the testatrix died, Caroline was living, and had one child, Grace, who took this one-fifth part in fee, conditioned, however, to let in after-born children of Caroline, who would take an equal share with her.  Grace died, Della was born, and Minnie was born and died, leaving Della the only representative of this class.  Della then held the estate in fee, subject to the contingency of being opened to let in other children born to Caroline to share with her, and the further contingency of surviving her mother, Caroline.  These are the only contingencies provided for in . the will.  It may then be said that at the death of the testatrix this one-fifth part vested in fee in Grace, subject to the contingencies mentioned; and that Della, who is the representative and survivor of this class, and took this one-fifth interest in fee upon these contingencies, now. holds this fifth part in fee-simple absolute by the death of her mother, for by the death of Caroline leaving a child all possibility of the children of the testatrix taking has become extinct.

Counsel for appellants concede that on the death of the testatrix it was a vested future estate in a class subject to open and let in new members until the death of Caroline Moore, under sections 5523, 5524, How. Stat.  But they claim that it was subject to be wholly divested by the extinction of the class before the period of distribution, in which case there would be a remainder over to the children of the testatrix.  The period of distribution, however, is not fixed by the third paragraph of the will, and the time when this fifth part was to vest absolutely in fee in the children of Caroline is not dependent upon the

time of the distribution fixed by the second paragraph of the will, but is fixed by the time when Caroline should die, leaving child or children. .

The contention that the second paragraph is void has great force. As to the four-fifths of the estate which was vested in the first-named children in fee, it is void; for one of the essential features of an estate in fee is the right to convey, and when a testator attempts to attach a restriction on such right to convey such restraint is void as repugnant to the nature of the estate. *Mandlebaum v. McDonell,* 29 Mich. 78. At the death of Caroline Moore, her daughter Della took the fifth part in fee, as no contingency can now arise by which it could be divested; and, so far as the children of the testatrix are concerned, they have no interest in it whatever. There is no provision in the will as to what disposition is to be made of the income from the estate. Whatever income there may be from this one-fifth, since it vested in the claimant at the death of her mother in 1887, she would be entitled to. The second clause of the will being void as to the four-fifths given to the testatrix's children, it can hardly be said that it can be upheld as to the one-fifth now resting in claimant. The intent of the testatrix was to keep the estate intact until the arrival at legal age of the child Maria Wilhelmina, then aged six years. It has failed as to four-fifths of the estate because of the restraint upon alienation. It cannot be said that the testatrix intended to tie up this one-fifth and not the whole. We think the court below very properly ordered distribution to the claimant as well as to the others.

The judgment must be affirmed.

The other Justices concurred.