*In re* NIELSEN'S ESTATE.

CLAIM OF WALTER H. NIELSEN.

EVIDENCE—VARYING WRITTEN AGREEMENT BY SUBSEQUENT ORAL AGREEMENT—CONSIDERATION.

> Agreement under which father deeded a farm to his son who gave notes secured by mortgages thereon back to father and executed release to father of claim as heir-at-law may not be varied by testimony of an alleged cotemporaneous oral agreement that notes and mortgages were to be discharged upon death of father under guise of assailing the consideration.

Appeal from Montcalm; Hawley (Royal A.), J. Submitted June 11, 1935. (Docket No. 71, Calendar No. 38,257.) Decided September 9, 1935.

In the matter of the estate of Niels C. Nielsen, deceased. Walter H. Nielsen presented his claim. From denial of claim in probate court, plaintiff appealed to circuit court. Judgment for defendant. Plaintiff appeals. Affirmed.

*C. Sophus Johnson* (*Oscar E. Waer,* of counsel), for plaintiff.

*J. A. Weitzel* (*Eldred & Gemuend,* of counsel), for defendant.

BUSHNELL, J. Claimant, youngest son of the deceased, lives on a 75-acre farm in Montcalm county, which was conveyed to him by his father in 1925 for the express consideration of $1. On the same date claimant and his wife gave the father promissory notes in the sums of $2,800 and $1,200 respectively,

payable in eight years with the privilege of paying $50 on principal at any interest date. The notes bore interest at the rate of 5 per cent. and were secured by two mortgages, one on the 25- and the other on the 50-acre parcel. Claimant contemporaneously therewith executed a release of any and all claims he might have as an heir-at-law of his father, which release was duly recorded. The land at the time was valued by the parties at $6,000 and the remaining balances on the mortgages are now $1,000 each. The father, a widower, died April 5, 1933, leaving a will dated November 28, 1932, in which he stated that he made no provision for claimant or his brother Albert, who had received another parcel of land in 1926 under like conditions, because he had already provided for them "as to fairly and equitably represent their respective shares.". His four other sons were given $500 each and an equal share in the residue. Incidentally, Albert testified his 50 acres was valued by his father at $5,500; that he gave a mortgage back for $3,500, which was paid. The two sons thus obtained an interest in the father's property worth $2,000 and the father was to receive on the three mortgages $7,500.

Walter's claim is based upon a breach of contract to discharge the mortgage on his property in accordance with an agreement which he says was made March 16, 1925. He also asks $2,000 for work and labor from June 19, 1918, to December 1, 1922. The report of commissioners on claims showed the claim of "Walter H. Nielsen, $2,000 disallowed *in toto.*"

On appeal Walter's wife testified over the objections of appellee that on the date stated,

"His father told Walter if he would come back up there he would deed the property to him and take a

mortgage back of $4,000 of which he was to pay $2,000 and pay the interest on the other two as long as his father lived and at his death that the mortgage was to be discharged.''

She also testified that some time after the father came back from the hospital in 1932,

''He had a kind of bad spell and he came over to our home and brung those notes and mortgages over and gave them to Walter and said he didn't feel very good and he didn't think he would live very much longer. * * * In about 30 days he got better and he come over and said he had to have the interest to live on and so Walter gave him the notes and mortgages back. At the time he took the notes and mortgages back he said that Walter could have them, they were his when he died, but he had to have the interest to live on.''

The claimed oral contract according to Mrs. Nielsen was made contemporaneously with the execution of the notes, mortgages, deeds and release. Claimant may not under the guise of assailing the consideration of the notes or deeds introduce parol testimony of a cotemporaneous oral agreement varying their terms. *Rider* v. *Coyne,* 246 Mich. 365.

Furthermore, the statements of claimant after his father's death and the facts and circumstances disclosed by the record indicate that the order denying the claim should be affirmed.

It is affirmed, with costs to appellee.

Potter, C. J., and Nelson Sharpe, North, Fead, Wiest, Butzel, and Edward M. Sharpe, JJ., concurred.