## SMITH *v.* SMITH.

1. EVIDENCE—CONTRACTS IN WRITING—PAROL VARIATION.

    Deed, absolute in form, is so conclusively presumed to contain the entire contract of the parties reduced to writing thereby that parol evidence is inadmissible to contradict it or add to its terms.

2. SAME—ADDITIONAL PAROL CONTRACTS—CONSIDERATION.

    Additional parol agreement omitted from written contract of the parties, existing prior to or contemporaneous with that embodied in the writing, may not be added thereto under the guise of proving consideration.

3. JOINT TENANCY—CREATION PERMITTED BY LAW.

    While the law does not favor joint tenancies, it nevertheless permits their creation (3 Comp. Laws 1929, § 12964).

4. SAME—INTENT TO CREATE MAY BE INFERRED.

    An intent on the part of the grantors to create an estate other than in common may be inferred.

5. DEEDS—CONSTRUCTION—INTENT OF PARTIES.

    The object to be arrived at by courts in construing deeds or other contracts is to ascertain clearly the intention of the parties.

6. SAME—INTENT—EVIDENCE.

    The circumstances surrounding the preparation and execution of a deed will be considered in arriving at the intent of the parties.

7. JOINT TENANCY—REQUISITES OF ESTATE.

    In the case of joint tenancy the tenants have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and have the same possession.

8. DEEDS—CONSTRUCTION WHEN TWO OR MORE ARE GRANTEES.

    Devises of land to two or more persons must be construed to create estates in common unless expressly declared to be in

joint tenancy, except as to mortgages, devises, or grants in trust, or to executors or to husband and wife (3 Comp. Laws 1929, §§ 12964, 12965).

9. SAME—DEVISE CREATING JOINT TENANCY EXCLUDES TENANCY IN COMMON BY CONSTRUCTION.

If a devise creates a joint tenancy clearly and unequivocally, it excludes a tenancy in common by construction.

10. SAME—FATHER AND SON—JOINT TENANCY.

General warranty deeds by father to third person and by latter to father and son, in both of which deeds it is stated they were for purpose of creating a joint tenancy in the father and son, *held*, to have created a joint tenancy between the father and son (3 Comp. Laws 1929, §§ 12963–12965).

11. JOINT TENANCY—SEVERANCE.

A joint estate may be severed by the act of the parties, by a conveyance by either party, by partition or by a levy and sale upon an execution against one of the parties.

12. SAME—POWER OF ALIENATION OF TENANTS.

Either tenant in a joint tenancy may convey his share to a cotenant or to a stranger, as each tenant has the power of alienation over his aliquot share and of charging it with his individual debts.

13. SAME—EFFECT OF SALE ON OTHER INTERESTS.

A sale of the interest of one of several joint tenants does not affect the interest of the others.

14. SAME—DOWER—CURTESY.

There can be neither dower nor curtesy of an estate held in joint tenancy.

15. SAME—CREATION OF CHARGE—SURVIVORSHIP.

No charge created by one cotenant can bind the estate in the hands of the survivor unless the creator of the charge becomes the survivor or releases his interest to a cotenant who accepts the release subject to the charge.

16. SAME—SEVERANCE BY CONVEYANCE TO ONE TENANT'S WIFE.

Joint tenancy of father and son was severed by father's subsequent deed to his second wife.

17. DEEDS—JOINT TENANCY—VALIDITY OF RESTRAINT ON ALIENA-
TION—REPUGNANCY.

 Since the statute *quia emptores,* a restriction in a conveyance of
 a vested estate in fee simple, in possession or remainder,
 against selling for a particular period of time has been an
 invalid restraint on alienation at common law; hence clause
 in deed to father and son, as joint tenants, that neither could
 sell or incumber his interest or any part of the premises with-
 out the written consent of the other is invalid as an illegal
 restraint on power of alienation and repugnant to the grant.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted June 8, 1939. (Docket No. 45, Calendar No. 40,559.) Decided September 5, 1939.

Bill by Douglas R. Smith and wife against Lottie E. Smith for specific performance of an alleged oral contract and other relief. Cross bill by defendant against plaintiffs to obtain title as a tenant in common to certain lands. From decree rendered, plaintiffs appeal and defendant cross-appeals. Affirmed.

*Henry B. Graves* and *Charles H. Hatch,* for plaintiffs.

*Oxtoby, Robison & Hull* (*Harvey A. Fischer* and *Leo I. Franklin,* of counsel), for defendant.

SHARPE, J. For some time prior to November, 1919, Joseph N. Smith was the owner in fee simple of a parcel of land in the city of Detroit upon which was erected an apartment building known as "Forest Apartments." His first wife died in March, 1919, and Douglas R. Smith was the only child of Joseph N. Smith.

In July, 1919, Joseph N. Smith gave Douglas R. Smith the right to sign checks on an account in the name of Joseph N. Smith in the Dime Savings Bank of Detroit and also named Douglas the beneficiary

under two life insurance policies on the life of Joseph
N. Smith, but reserved the right to change the bene-
ficiary therein.

On or about November 1, 1919, Joseph N. Smith
consulted his attorney, Bertrand D. York, and told
him that he wanted a joint deed made of the Forest
Apartments between himself and his son. On the
above date the following deeds were executed:

General warranty deed dated November 1, 1919,
with the consideration stated therein at $1 and other
considerations conveying the Forest Apartments by
Joseph N. Smith, widower, to Bertrand D. York. In
this deed it is stated as follows:

"This deed is given, in connection with a deed of
this date Bertrand D. York and L. Fonda York his
wife to Joseph N. Smith and Douglas R. Smith as
joint tenants for the purpose of creating a joint ten-
ancy in the said Joseph N. Smith and Douglas R.
Smith and without monetary consideration."

General warranty deed dated November 1, 1919,
with the consideration stated therein of $1 and other
good and valuable considerations conveying the
Forest Apartments by Bertrand D. York and L.
Fonda York, his wife, to Joseph N. Smith and
Douglas R. Smith as joint tenants. In this deed im-
mediately after the description of the property con-
veyed and before the habendum occurs the following
language:

"It is a part of the consideration for which this
deed is given that neither of the parties of the second
part hereto shall or can sell, deed, mortgage, or in
any way incumber or dispose of his interest in said
premises or any part thereof without the consent of
the other party in writing.

"This deed is given, in connection with a deed of
this date Joseph N. Smith to Bertrand D. York, for

the purpose of creating a joint tenancy in the parties of the second part hereto and without any monetary consideration.''

November 10, 1919, there was issued to Douglas R. Smith two life insurance policies on his own life in the sum of $5,000 each, in which policies Joseph N. Smith was made the sole beneficiary. Douglas married plaintiff Ada C. Smith in 1920, but no change was made in these policies on the life of Douglas until after the death of his father, Joseph N. Smith.

Prior to November 26, 1919, a contract was made by Joseph N. Smith and Douglas R. Smith to sell the Forest Apartments to one Ogooshevitz and the first payment of $5,000 upon the contract price was deposited in the joint bank account of the father and son. Subsequent payments totalling about $50,000 were likewise deposited in the joint account. In 1922, Joseph N. Smith was married to Lottie E. Smith, defendant herein. On December 23, 1922, the Ogooshevitz land contract for the purchase of the Forest Apartments was surrendered and a new contract for the sale of the premises was made by Joseph N. Smith and wife and Douglas R. Smith and wife to the Michigan Finance Corporation. The above contract provided for a sale of the premises for $195,000 with a down payment of $1,500 and similar payments monthly thereafter. The last payment made on this contract was in August, 1923.

The Michigan Finance Corporation assigned its contract to the Motor City Holding Company. This company became delinquent in the payment of taxes on the property in 1927. On November 13, 1929, Lottie E. Smith obtained from her husband a deed of ''all his right, title and interest in and to'' the Forest Apartments; and on the same day obtained from her husband an assignment of all the ''right,

title and interest'' in and to the executory land contract originally held by the Michigan Finance Corporation.

June 8, 1931, Lottie E. Smith, Douglas R. Smith and Ada Smith commenced foreclosure proceedings to foreclose the land contract against the Motor City Holding Company and others. On June 4, 1931, Douglas, in order to secure the moneys loaned to him through Mr. Hatton of the Motor City Holding Company, executed an assignment of his interest in the Forest Apartment to Viola L. Sausley as trustee, as security only for the amount loaned by the Motor City Holding Company.

On June 15, 1931, the Motor City Holding Company filed a motion to have the bill of complaint dismissed (in the foreclosure proceedings) because Lottie E. Smith and Ada C. Smith were not proper parties to institute the foreclosure proceedings, as Douglas R. Smith and Joseph M. Smith were the true owners and vested with title. July 13, 1931, the motion was denied with no reason assigned for the denial. Later, Douglas moved the court to discontinue the foreclosure suit for the reason that upon the death of Joseph N. Smith, Douglas R. Smith was the sole owner of the premises.

On August 26, 1932, this motion was denied. The court said:

"It appearing to the satisfaction of this court that the issues raised by and in the motion of the said Douglas R. Smith to discontinue the above entitled cause are the same issues as were raised in the motion of the defendant, Motor City Holding Company, to dismiss the plaintiffs' bill of complaint, and

"It further appearing that the motion to dismiss the plaintiffs' bill of complaint so made by the defendant, Motor City Holding Company, came on to be heard before the Honorable Lester E. Moll, one of the judges of this court, on July 10, 1931, and

"It further appearing from the records and files of this court that the motion to dismiss so made by the defendant, Motor City Holding Company, was denied by the order of this court.

"Therefore, this court finds that the order of this court of July 13, 1931, denying the motion to dismiss so made by the defendant, Motor City Holding Company, is determinative of and *res judicata* of the issues and matters now raised by the defendant, Douglas R. Smith, in his motion to discontinue now before this court, and this court being fully advised in the premises, and

"Upon motion of Oxtoby, Robison & Hull, attorneys for the co-plaintiff Lottie E. Smith,

"It is ordered:

"1.   That the motion of the co-plaintiff Douglas R. Smith to discontinue the above-entitled cause be and the same is hereby denied."

Later, the same attorneys acting for Douglas R. Smith moved the court to vacate and set aside the order denying the former motion for leave to discontinue the case. This motion was heard and denied by Judge Jayne.

August 13, 1937, plaintiffs filed the present bill of complaint against defendant Lottie E. Smith in which it is alleged:

"Upon November 1, 1919, said Joseph N. Smith and your orator entered into an oral agreement in substance and effect that the title to the property aforesaid should be so placed that the same and the proceeds thereof in case of a sale of the same would belong absolutely to both himself and your orator Douglas R. Smith during their lives and would devolve without fail by operation of law upon the survivor of the two."

Plaintiffs further alleged that the two deeds of November 1, 1919, were executed and delivered "for the purpose of executing said oral agreement in part."

Paragraph 7 alleged:

"In order to insure the retention of the title to' said property in both father and son during their joint lives and the devolution of said title by operation of law upon the survivor there was inserted in the granting clause of the second of said deeds the following language, to-wit:

" 'It is a part of the consideration for which this deed is given that neither of the parties of the second part hereto shall or can sell, deed, mortgage, or in any way incumber or dispose of his interest in said premises or any part thereof without the consent of the other party in writing.' "

Paragraph 18 alleged:

"If such deed was ever executed and delivered by said Joseph N. Smith, your orators aver that the same was in violation of oral agreement between your orator Douglas R. Smith and said Joseph N. Smith."

The bill of complaint prays for specific performance of the "agreement" between Joseph N. Smith and Douglas R. Smith; that Douglas R. Smith may be adjudicated and decreed "to be alone vested with the legal title to said property" subject to the right of the contract purchaser; that he be decreed to be entitled to the remaining balance due under said land contract; and that the deed and assignment to Lottie E. Smith be decreed void.

On January 16, 1939, a decree was entered dismissing plaintiffs' bill of compaint and decreeing that Lottie E. Smith "is the owner in fee simple of an undivided one-half interest as a tenant in common with the plaintiff Douglas R. Smith (but not with right of survivorship), of the lands" here involved. Plaintiffs appealed from the decree and defendant filed a cross-appeal for the purpose of preserving her rights in this court.

It is the claim of defendant that the deed of November 1, 1919, from Bertrand D. York and wife to

Joseph N. Smith and Douglas R. Smith "as joint tenants" created a joint tenancy in father and son; that the restrictive provisions mentioned in the deed were an invalid restraint on alienation and of no effect; that as a joint tenant Joseph N. Smith had the right to convey his interest in the property to a third party and thus sever the joint tenancy; that the deed of November 1, 1919, and the assignment of the land contract created defendant a tenant in common with Douglas R. Smith; and that the orders (in the foreclosure proceedings) of the trial court of July 13, 1931, and of August 26, 1932, hereinbefore referred to are *res judicata* and determinative of the valid title of defendant as a tenant in common with Douglas R. Smith.

It is the claim of plaintiffs that an oral agreement was entered into between Joseph N. Smith and Douglas R. Smith in the year 1919, the effect of which was that title to the Forest Apartments should be so placed that the same and the proceeds thereof in case of a sale of the same should belong absolutely to father and son during their lives and should devolve by operation of law upon the survivor of the two; that the court should enforce the oral agreement irrespective of whether or not the restrictive provision in the deed is void; and that the several orders of the circuit court were not an adjudication of the rights of Douglas R. Smith.

We have examined the record and are not in accord with plaintiffs' views that an oral agreement was entered into between father and son. The deed is unambiguous and on its face stated that it was given "without monetary consideration."

In *Wild* v. *Wild*, 266 Mich. 570, we said:

"The quitclaim deed was absolute in form. It is presumed to contain the agreement made by the parties at the time. When the parties to a contract

or agreement deliberately reduce it to writing, executed with the formalities of a deed, it is so conclusively presumed to embody the whole contract that parol evidence is inadmissible to contradict it or add to its terms. * * *

"An additional parol agreement omitted from the executed writing, existing prior to or contemporaneous with that embodied in the writing, may not, under the guise of proving consideration, be added to the writing itself."

See, also, *In re Nielsen's Estate,* 272 Mich. 636.

Having determined that there was no competent testimony offered to vary the terms of the deed of November 1, 1919, we now consider the nature of the deed between father and son. Defendant claims this deed created a joint tenancy in the father and son.

"Estates, in respect to the number and connection of their owners, are divided into estates in severalty, in joint tenancy, and in common; the nature and properties of which respectively, shall continue to be such as are now established by law, except so far as the same may be modified by the provisions of this chapter." 3 Comp. Laws 1929, § 12963 (Stat. Ann. § 26.43).

"All grants and devises of lands, made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy." 3 Comp. Laws 1929, § 12964 (Stat. Ann. § 26.44).

This statute was construed in *Murray* v. *Kator,* 221 Mich. 101. This case involves the construction of a deed which reads in part:

" 'This indenture, made this 8th day of January in the year of our Lord 1903, between Richard Smitherman and Margaret Smitherman, his wife, of Smithfield, Oakland county, Michigan, parties of the

first part, and Catherine Smitherman and Margaret
Smitherman, "heirs" ∧ <sup>jointly·</sup> of the same place par-
ties of the second part.' ''

Catherine Smitherman died after her parents.
Her husband claimed an undivided one-half interest
in the property and insisted that an estate in com-
mon was conveyed. The court said:

"Our statute (3 Comp. Laws 1915, § 11562 [3·
Comp. Laws 1929, § 12964 (Stat. Ann. § 26.44)])
provides:

" 'All grants and devises of lands, made to two
or more persons, * * * shall be construed to create
estates in common, and not in joint tenancy, unless
expressly declared to be in joint tenancy.'

"The effect of this statute is to reverse the com-
mon-law rule relating to the determination of such
estates. Does the word 'jointly' inserted in the
premises of this deed, declare an estate in joint
tenancy? While the law does not favor joint ten-
ancies, it nevertheless permits their creation. *In re
Blodgett's Estate,* 197 Mich. 455, 461. It is ap-
parent from the face of the deed that the word
'jointly' was inserted after the paragraph had been
written. Had it not been inserted, it is clear that
an estate in common would have been created. An
intent on the part of the grantors to create an estate
other than in common may be inferred. In *Smith
v. Smith,* 71 Mich. 633, 638, it was said:

" 'The object to be arrived at by courts in con-
struing deeds or other contracts is to ascertain
clearly the intention of the parties.'

"The language which follows, quoted from *French
v. Carhart,* 1 N. Y. 96, 102, is expressive of the rule
that the circumstances surrounding the preparation
and execution of the deed will be considered in arriv-
ing at such intent. The word 'jointly' was inserted
for some purpose. None other can be gleaned from
the word used when read with the remainder of the

deed than an intent on the part of the grantors to create an estate in joint tenancy. * * *

"An estate in joint tenancy was intended to be conveyed to the two sisters."

In *Kemp* v. *Sutton,* 233 Mich. 249, we said:

"The rule of cross-remainders does not operate in case of joint tenancy. For 'joint tenants have one and the same interest; accruing by one and the same .conveyance; commencing at one and the same time; and have the same possession.' 2 Bouvier's Institutes, p. 305. Joint tenancy is not abolished in this State (3 Comp. Laws 1915, § 11561 [3 Comp. Laws 1929, § 12963]). But devises of land to two or more persons must be construed to create estates in common unless expressly declared to be in joint tenancy, except as to mortgages, devises or grants in trust, or to executors or to husband and wife (3 Comp. Laws 1915, §§ 11562, 11563 [3 Comp. Laws 1929, §§ 12964, 12965]).

. "While the common-law right of survivorship, saving as above mentioned, has been abolished in this State, survivorship among a class can still be constituted a condition of the estate by express provision to that end. Did testator expressly declare the life estate to be in joint tenancy? It is true he did not employ the term 'joint tenancy' but we do not consider such to be the test. He expressly declared his purpose, and, by apt provision, created a joint tenancy and this should prevail unless the statute requires that the tenancy be construed as one in common in spite of the terms of the devise and because testator did not attach the talismanic words 'this is a joint tenancy.' * * *

"If a devise creates a joint tenancy clearly and unequivocally it excludes a tenancy in common by construction."

See, also, *Root* v. *Snyder,* 161 Mich. 200.

In our opinion the above-mentioned deed created a joint tenancy between the father and son. The

next question to be considered is, Can a joint tenancy be severed by the conveyance of either party?

In *Midgley* v. *Walker,* 101 Mich. 583 (45 Am. St. Rep. 431), we said:

"There can be no doubt but that the joint estate may be severed by the act of the parties, by a conveyance by either party, by partition under How. Stat. § 7850 (3 Comp. Laws 1929, § 14995 [Stat. Ann. § 27.2012]), or by a levy and sale upon an execution against one of the parties. Either tenant may convey his share to a cotenant or to a stranger. 1 Washburn, Real Property (5th ed.), p. 680; 4 Kent, Commentaries (14th ed.), p. 363. Each has the power of alienation over his aliquot share, and of charging it with his individual debts, and the joint tenants may sever the tenancy voluntarily by deed, or compel a partition. 4 Kent, Commentaries (14th ed.), p. 364; *Lake* v. *Craddock,* 1 Lead. Cas. Eq. (Hare & W. notes) 224, 3 P. Wms. 158 (24 Eng. Rep. 1011). * * * The interest of either is subject to levy and sale on execution. * * * A sale, however, of the interest of one of several, does not affect the interest of the others. * * * There can be neither dower nor curtesy of an estate held in joint tenancy, and a devise by one joint tenant of his share will be inoperative, inasmuch as the right of survivorship takes precedence. 1 Washburn, Real Property (5th ed.), pp. 681, 682. The same author lays down the rule that no charge, like a rent or a right of way or a judgment, created by one cotenant can bind the estate in the hands of the survivor, unless the charge be created by the one who becomes such survivor, or the creator of the charge releases his estate to a cotenant, who, as releasee, accepts, with that part of the estate, the charge inhering therein by his own act. But the charges made by a joint tenant and judgments against him will bind his assignee and himself as survivor. 4 Kent, Commentaries (14th ed.), p. 360.

"The rules which govern holdings by husband and wife jointly have no application. They do not take

by moieties, but they are both seised of the entirety. *In re Appeal of Lewis,* 85 Mich. 340 (24 Am. St. Rep. 94)."

See, also, *Jones* v. *Snyder,* 218 Mich. 446; *Wayne Woods Land Co.* v. *Beeman,* 211 Mich. 360.

From the above authorities the joint tenancy between father and son was severed when the father deeded to his wife, the defendant herein. However, plaintiffs contend that under a proper construction of the deed in question an *absolute fee* was not conveyed to father and son; that the deed comes within the exception announced in *Mandlebaum* v. *McDonell,* 29 Mich. 78 (18 Am. Rep. 61), where we said (p. 88):

"It is quite possible that many restrictions or qualifications upon the right of devisees or grantees may be made effectual by making the estate itself dependent upon such condition, to which it could not be subjected if the estate given is absolute, as it is admitted to be here."

In the *Mandlebaum Case, supra,* we also said (pp. 92, 107):

"Here, for the sake of certainty and stability, the law has classified and defined all the various interests and estates in lands which it recognizes the right of any individual to hold or create, and the definition of each is made from, and the estate known and recognized by the combination of certain legal incidents, many of which are so essential to the particular species of estate that they cannot, by the parties creating it, be severed from it, as this would be to create a new and mongrel estate unknown to the law and productive of confusion and uncertainty. * * *

"We are entirely satisfied there has never been a time since the statute *quia emptores* * when a restriction in a conveyance of a vested estate in fee simple, in possession or remainder, against selling

---

* 18 Ed. I, chap. 1.—Reporter.

for a particular period of time, was valid by the common law. And we think it would be unwise and injurious to admit into the law the principle contended for by the defendants' counsel, that such restrictions should be held valid, if imposed only for a reasonable time. It is safe to say that every estate depending upon such a question would, by the very fact of such a question existing, lose a large share of its market value. Who can say whether the time is reasonable, until the question has been settled in the court of last resort; and upon what standard of certainty can the court decide it? Or, depending as it must upon all the peculiar facts and circumstances of each particular case, is the question to be submitted to a jury? The only safe rule of decision is to hold, as I understand the common law for ages to have been, that a condition or restriction which would suspend all power of alienation for a single day, is inconsistent with the estate granted, unreasonable and void.

"Certainty in the law of real estate, as to the incidents and nature of the several species of estates and the effect of the recognized instruments and modes of transfer, is of too much importance to be sacrificed to the unskillfulness, the whims or caprices of a few peculiar individuals in isolated cases."

See, also, *Porter* v. *Barrett,* 233 Mich. 373 (42 A. L. R. 1267).

From the authorities above quoted the restrictive paragraph was repugnant to the grant and a restraint on the inherent right of alienation and therefore void.

The decree of the circuit court decreeing that Lottie E. Smith and Douglas R. Smith are tenants in common of the Forest Apartments, but not with right of survivorship is affirmed, with costs to defendant.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.