BRAUN v. KLUG.

1. Deeds—Restraint on Power of Alienation.
A condition or restriction in a deed of the fee simple title, which would suspend all power of alienation for a single day, is inconsistent with the estate granted, unreasonable and void.

2. Same—Intention Not to Pass Entire Estate.
A restriction upon alienation may be imposed, where the intention of the grantor not to pass the entire estate is apparent.

3. Same—Life Estate—Restraint on Alienation.
A restriction upon alienation, or encumbrance is not repugnant to the grant of a life estate.

---

References for Points in Headnotes
[1, 2] 41 Am Jur, Perpetuities and Restraints on Alienation § 66 *et seq.*
[3] 41 Am Jur, Perpetuities and Restraints on Alienation § 81.
[4] 41 Am Jur, Perpetuities and Restraints on Alienation § 77.
[4] Restraint upon voluntary alienation of legal life estate. 160 ALR 639.

4. SAME—RESTRAINT ON ALIENATION TO OTHERS THAN GRANTOR.

> A restriction in deed whereby the grantees were not to sell
> the property to anyone except the grantors, their heirs,
> representatives or assigns, thereby restricting the number
> of potential buyers is repugnant to the grant and a restraint
> on the inherent right of alienation and, therefore, void.

Appeal from Livingston; Lyons (Willis L.), J. Submitted January 6, 1953. (Docket No. 27, Calendar No. 45,308.) Decided March 10, 1953.

Bill by William Braun and wife against Francis X. Klug, Sr., and wife to quiet title to real estate. Decree for plaintiffs. Defendants appeal. Affirmed.

*Van Winkle & Van Winkle,* for plaintiffs.

*Stanley Berriman,* for defendants.

SHARPE, J. This is a suit to quiet title to a parcel of land in Livingston county, Michigan. The facts are as follows: On October 11, 1947, defendants, Francis X. Klug, Sr., and Mary A. Klug, his wife, deeded a parcel of land to plaintiffs, William Braun and Ora Braun, his wife. The deed contained the following provision:

"Grantees herein specifically covenant and agree that the above described property will not be sold to anyone except grantors herein or their heirs, representatives or assigns. It is agreed that this covenant shall run with the land."

Thereafter plaintiffs erected a small cottage on the premises and occupied the same. On September 1, 1950, plaintiffs began a chancery suit for the purpose of setting aside and holding invalid the above provision. The cause came on for trial and on August 7, 1951, the trial court entered a decree giving defendants an option to purchase the premises. The decree contained the following:

· "It is further ordered, adjudged and decreed that plaintiffs shall have the right in event they so desire to sell the lands and premises above described, and in event a sale is arranged, that a deed shall be executed by plaintiffs leaving the name or names of the grantee or grantees blank, but containing the purchase price, which said deed shall be deposited by plaintiffs with the register of deeds for Livingston county, Michigan and a copy thereof personally served upon the defendants with a statement attached that the defendants have 20 days in which to pay the amount stated in the deed as a purchase price to the register of deeds for Livingston county, Michigan and in such event said register of deeds is hereby authorized to insert the names of the defendants in said deed and deliver it to them on payment of the said purchase price. Provided, that in event said defendants do not avail themselves of this arrangement for purchase of the said lands and premises hereinbefore described within the time here limited, that the said register of deeds may insert the name or names of the purchasers, which said name or names shall be furnished by plaintiff, in said deed and deliver said deed to said purchaser. In event that said defendants do not avail themselves of this arrangement for the purchase of the lands and premises aforesaid within the time here limited upon these conditions that thereafter any and all rights which the said defendants may have under the deed of conveyance dated October 11, 1947 running from themselves to the plaintiffs shall be cancelled and forever discharged, and that the title to said lands and premises shall thereupon be quieted and said covenant or restrictions as hereinbefore set out shall thereupon be without force and effect.

"It is further ordered, adjudged and decreed that a certified copy of this decree may be recorded in the register of deeds' office for Livingston county, Michigan. ·

"This decree is with costs to plaintiffs."

Defendants appeal and urge:

"Because the lower court erred in determining that the restriction, covenant, or agreement should be construed to be only an option to purchase, and the lower court erred in attempting to work out some equitable plan that the plaintiffs and appellees might have the right to sell the premises.

"Because the lower court erred in ruling that the plaintiffs and appellees should execute a deed leaving the name of the grantee blank but containing the purchase price, and erred, and in fact was without power or authority to compel a copy to be served personally upon the defendants and appellants, or to authorize the register of deeds to insert the name of the grantee, and to rule that the register of deeds should deliver said deed to defendants and appellants upon payment by them of purchase price.

"The lower court erred in holding that the rights of the defendants and appellants should be forever discharged in said premises and title to said premises quieted in the name of plaintiffs and appellees."

It is the claim of plaintiffs that the provision contained in the deed is illegal and void as being an unreasonable restraint upon the power of alienation. The paramount question in this case is as stated by plaintiffs, and we shall, therefore, discuss this question.

In the case of *Mandlebaum* v. *McDonell*, 29 Mich 78, 107 (18 Am Rep 61), we had the question of restriction in a conveyance of real estate for a particular period of time. We there said:

"The only safe rule of decision is to hold, as I understand the common law for ages to have been, that a condition or restriction which would suspend all power of alienation for a single day, is inconsistent with the estate granted, unreasonable and void."

See, also, *In re Estate of Schilling,* 102 Mich 612; and *Chappell* v. *Chappell* (Ky Ct of App), 119 SW 218.

In 18 CJ, p 337, § 336, it is said:

"Where an estate in fee simple is granted to a person by proper and sufficient words, a clause in the deed which is in restraint of alienation is void and will be rejected. A restriction upon alienation may, however, be imposed where the intention of the grantor not to pass the entire estate is apparent; and a restriction upon alienation or encumbrance is not repugnant to the grant of a life estate."

See, also, 26 CJS, p 477, § 145.

In *Watkins* v. *Minor,* 214 Mich 380, we held that an attempt to restrain alienation during the lifetime of the grantor was void.

In *Sloman* v. *Cutler,* 258 Mich 372, we said:

"If one's interest in property is absolute, as a fee simple, restriction on his right of alienation is void as repugnant to the grant."

See, also, *Porter* v. *Barrett,* 233 Mich 373 (42 ALR 1267); and *Smith* v. *Smith,* 290 Mich 143 (124 ALR 215).

In the case at bar, the condition in the deed was that grantees were not to sell the property to anyone except grantors, their heirs, representatives or assigns. Such condition restricts the number of potential buyers. It is repugnant to the grant and a restraint on the inherent right of alienation and therefore void.

A decree will be entered in the Supreme Court in conformity with this opinion. Plaintiffs may recover costs.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred.