Roy DODSON et al., Appellants,

v.

Ira M. DODSON et al., Appellees.

No. 10457.

Court of Civil Appeals of Texas.

Austin.

Feb. 27, 1957.

Rehearing Denied March 20, 1957.

Yelderman, Martin & Smith, Austin, for appellants.

James H. Rogers, Wm. Kay Miller, Austin, for appellees.

ARCHER, Chief Justice.

On February 17, 1940, Ira M. Dodson and others recited to be the sole heirs of Jack Dodson and Mary Dodson, both deceased, and further reciting that the parties to the deed owned and held in common the lands sought to be partitioned, entered into a partition deed or agreement by which the tract of land known as the Jack Dodson Place of 115 acres was partitioned into six tracts and awarded to the respective owners, and no complaint is directed to such division, only to a clause in the deed reading as follows:

"But it is expressly understood and agreed between all parties to. this instrument that none of the tracts of land hereinabove mentioned shall be mortgaged, sold or in any manner transferred so long as anyone of the grantees in this instrument shall be living to any person or persons except a legal heir of Mary Jane Dodson and Jack Dodson, deceased."

This suit was instituted by Ira M. Dodson, who was joined by Josephine Clementine Hall Cavanaugh, a person of unsound mind, through her guardian, against Roy Dodson and others, appellants herein, in the nature of a Declaratory Judgment seeking to remove, cancel and annul the restriction against the alienation of the property.

Trial was had to the court and a judgment was entered on the 28th day of May, 1956, reading in part as follows:

"It is, accordingly, Ordered, Adjudged, Decreed and Declared: * * *

"5. That by deed dated February 17, 1940, and now of record in Volume 661, pages 465–471, of the Travis County Deed Records, to which reference is here made for all pertinent purposes, plaintiff Ira M. Dodson and Mary Winfield, Roy Dodson, Samuel

H. Dodson, Annie Brockman, Harvey Hancock and Horace L. Hancock entered into a mutual agreement and conveyance whereby said tract of 115 acres above described was partitioned between the parties thereto and that the next to last paragraph of said deed reads as follows:

" 'But it is expressly understood and agreed between all parties to this instrument that none of the tracts of land hereinabove mentioned shall be mortgaged, sold, or in any manner transferred so long as any one of the grantees in this instrument shall be living to any person or persons except a legal heir of Mary Jane Dodson and Jack Dodson, deceased.'

is null and void as an illegal and unlawful attempt to restrain the alienation of the property there conveyed and is of no force or effect whatever and that pursuant to said partition agreement and conveyance the parties thereto acquired in severalty a full and unrestricted fee simple title to the tract set apart to them * * *"

The appeal is before this Court on one point of error as follows:

"The court erred in holding void and of no force and effect the provisions against alienation contained in the partition deed of Roy Dodson and others, partitioning among the heirs the joint estates of Mary Dodson and Jack Dodson, (which deed is included in the Transcript herein), because such partition deed was a contract between joint owners upon consideration limiting alienation for a reasonable time to a defined class of persons."

Appellants take the position that the rule against perpetuities is not involved because each of the persons executing the deed was fully vested with an undivided interest in the land partitioned by the deed, and that appeal is solely in connection with the joint owners of property and their rights in making partition among themselves of the joint property.

The appellants take the further view that the restraint and restrictions against alienation as contained in the deed is purely one of contract between the joint owners of the manner in which they will partition their joint property and how it will be held or used during the lifetime of the partitioners.

Appellants insist that each of the partitioners had a right to ask and to accept in return a burden placed upon the land, and that a like burden placed upon each of the parcels of land and the assumption of such burden is a sufficient consideration passing between the parties.

Appellees contend that a restraint against the alienation of a fee simple estate is void as against public policy.

We believe that the trial court was correct in holding that the clause in the deed of partition, above quoted, against alienation purporting to restrain the conveyance of a fee simple estate is void as against public policy.

Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149.

In O'Conner v. Thetford, Tex.Civ.App., 174 S.W. 680, 681, er. ref., there was involved a suit, like the instant one, to remove cloud on title and construe a deed. The deed contained a proviso that as a controlling condition of the conveyance was to prevent the alienation, either voluntary or involuntary by the grantee of the premises, and in such event to terminate all estate passed to said grantee under the conveyance, and to revest immediately in the grantor. The court in affirming the trial court's judgment declaring the restraint to be void, said in part:

"The tying up of property was regarded by the common law as an evil, and in order to prevent it two doctrines were established, one that all interest should be alienable, the other that all interest must arise within certain

limits, the latter being known as the rule against perpetuities. In this case we are concerned only with the first doctrine, and the extent to which it exists in this state under the common law which has furnished our rules for construing deeds since its adoption in 1840. It is well settled that a general restraint upon the power of alienation when incorporated in a deed or will otherwise conveying a fee-simple title is void, but authorities differ in construing restraints on alienation for a limited time. One line of authority is to the effect that a restraint upon the alienation of a fee-simple title for a limited period, however brief, is inconsistent with and repugnant to the nature of such an estate, because one of the most important characteristics thereof is the power of alienation. The other class of cases holds a restraint upon the alienation even of a fee-simple title, if for a reasonable time, to be a valid restriction. * * * The first rule is the more logical and presents no difficulties such as will be encountered in determining what is a reasonable time. * * *"

In the case of Pritchett v. Badgett, Tex. Civ.App., 257 S.W.2d 776, er. ref., the court construed a devise of property subject to the limitation that it should not be sold or encumbered for a period of 20 years unless the devisee was joined in such conveyance by the executor and held that the devisee acquired a full fee simple title, and passed clear of the restraint against alienation and cited cases in support of its holding, all of which we believe to be the law.

41 Am.Jur., 115, Sec. 76; Braun v. Klug, 335 Mich. 691, 57 N.W.2d 299, 36 A.L.R.2d 434, Supreme Court of Mich. 1953.

Appellants cite in support of their position Goodstein v. Huffman, Tex.Civ.App., 222 S.W.2d 259, er. ref. This case involved the restrictions as to the use of buildings for private family dwellings, had nothing to do with the sale of property.

The judgment of the Trial Court is affirmed.