**HARVEY I. NEDEAU, INC., a Michigan Corporation, Margaret R. Smoot, James G. Rodgers, Charles F. Rodgers, Elizabeth M. Gesell, Abigail Rodgers Miller, Alfred A. Meyers, Kathryn E. Meyers, Henry Meyers, and Jeanette Meyers, Plaintiffs,**

v.

**JERSEY INSURANCE COMPANY OF NEW YORK, a foreign insurance corporation, Defendant.**

**Civ. A. No. 5168.**

United States District Court
W. D. Michigan, S. D.

April 4, 1966.

R. Bunker Rogoski, Muskegon, Mich., for plaintiffs Smoot, Rodgers, Gesell and Miller.

Schmidt, Smith, Howlett & Halliday, Grand Rapids, Mich., Laurence D. Smith, Grand Rapids, Mich., of counsel, for defendant.

Parmenter, Forsythe & Steendam, George A. Parmenter, Muskegon, Mich., of counsel, for plaintiffs Meyers.

FOX, District Judge.

This motion for summary judgment is brought by plaintiffs, land contract vendors and vendees, respectively, of a commercial building in downtown Muskegon, Michigan.

The case was removed by the defendant to this court under 28 U.S.C. § 1441.

Jurisdiction is conferred by 28 U.S.C. § 1332.

The property in question was destroyed by fire on February 5, 1965. On April 21, 1961, defendant issued its policy of insurance 136 J9686 to plaintiffs Harvey I. Nedeau, Inc., as agent for plaintiffs Smoot, Miller and James Rodgers, as well as John Rodgers, who was mistakenly named by defendant's agent, when he had in fact died before the inception of the policy, his interests having been assigned by the Wayne County Probate Court to his sole heirs, plaintiffs Gesell and Charles Rodgers. These parties plaintiff will hereafter be referred to as "Nedeau."

The policy was in force at the time of the loss.

Several years before the date of the loss, the building had been sold to plaintiffs Meyers (hereafter referred to as "Meyers"), by land contract.

Pursuant to a contract of sale clause attached to the policy, their interest as land contract vendees was insured under the policy, "without any increase in the amount of insurance, and subject to all other terms, provisions and conditions of this policy. * * * "

■ In defense to this action, defendant has alleged several policy breaches by Meyers, claiming that this was a joint contract, the parties were joint insureds, and that breach of any policy provisions by Meyers defeats recovery by Nedeau.

For a number of reasons, the court is unable to agree to this claim.

■ As a general proposition, the law does not favor joint tenancies, although it permits their creation. Smith v. Smith, 290 Mich. 143, 287 N.W. 411, 124 A.L.R. 215 (1939); In re Blodgett's Estate, 197 Mich. 455, 163 N.W. 907 (1917).

In the case of real property, the legislature has embodied this disfavor in M.S.A. 26.44, Comp.Laws 1948, § 554.44:

"All grants and devises of land, made to 2 or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy."

■ Joint tenancy in personalty is permitted in this state if created by the express acts of the parties. Block v. Schmidt, 296 Mich. 610, 296 N.W. 698 (1941); In re Peterson's Estate, 239 Mich. 452, 214 N.W. 418 (1927).

■ Thus, it is necessary to expressly state the purpose, when it is intended to create a joint obligation in Michigan.

The court has been cited to no authority for the proposition that simply by the addition of a provision such as the "Contract of Sale Clause," a joint contract is created. Indeed, every inference contradicts such an assumption.

Initially, there is nothing to indicate that plaintiffs Meyers were parties privy to the contract. The face page of the policy names only plaintiffs Nedeau as insureds. The "Contract of Sale Clause" does not refer to plaintiffs Meyers as insureds, stating only that "the interest of *said last named party* is also insured hereunder, * * *." (Emphasis supplied.) There is no evidence of any consideration from Meyers to defendant. In short, the policy appears to be nothing more than a third-party beneficiary contract insofar as plaintiffs Meyers are concerned.

Even were there evidence to support the conclusion that the Meyers were formal parties to the contract, there is nothing to indicate that joint obligations were created. The interests which are insured are several, not joint; there are no words which impart the idea that the Meyers are to be jointly obligated, and at no point in the policy are the Meyers referred to as "insureds," "parties," "policyholders," or the like.

Finally, the clause in question was attached to the policy on the same date, April 21, 1961, as the policy itself was issued. Thus, there was an open opportunity for defendant to indicate that this was a joint contract, *at the time the policy itself was issued.*

The amounts due to plaintiffs Nedeau under the policy are not in dispute (Paragraph 6 of the Complaint; Paragraph 6 of the answer.)

 Because of the elemental nature of the legal principles herein involved, the court will award interest at the present legal rate for a commercial loan of a similar sum ($56,565.02), from March 6, 1965, to the date of payment. (M.S.A. 24.12836, Comp.Laws 1948, § 500.2836 [Pub.Acts 1956, No. 218])

An order may be entered accordingly.