NATIONAL SECURITY & TRUST CO. v. NILES INVISIBLE DOOR CHECK CO.

1. GUARANTY—NEGOTIABLE INSTRUMENTS LAW NOT APPLICABLE TO ACTION ON GUARANTY OF PAYMENT OF NOTES.

In an action to recover on contracts of guaranty of the payment of notes purchased by plaintiff, the statute and rules of law pertaining to negotiable instruments have no application; and that such contracts were written on the backs of the notes has no significance.

2. SAME—RIGHT OF ACTION AGAINST GUARANTORS.

Where the undertaking of the guarantors of the payment of certain notes was absolute, it constituted an independent promise to pay them, and the guarantors could be sued thereon without making the makers of the notes parties to the action.

3. CORPORATIONS—AUTHORITY OF OFFICERS IN SALE OF ASSETS—NOTICE.

One purchasing from the secretary-treasurer of a corpora-

On liability of corporation on negotiable paper executed by officer or agent, see notes in 21 L. R. A. (N. S.) 1046; 12 A. L. R. 115.

On measure of damages against promoters of corporations, see note in 18 L. R. A. (N. S.) 1131.

tion notes received by it in payment for its shares of capital stock is charged with notice of the power and authority which such officer possessed, as a matter of law, to act for the corporation in disposing of its assets.

4. SAME.

The secretary-treasurer of a corporation had no legal right to dispose of notes owned by the corporation for anything except cash or other property reasonably necessary for the use of the corporation in its business.

5. SAME—RATIFICATION OF SALE OF ASSETS PRESUMED IN SO FAR AS BENEFICIAL TO CORPORATION.

To the extent to which the corporation benefited by the sale of its notes, it and the officers who guaranteed payment are liable on the guaranty, and since the sale might have been ratified by the corporation, to the extent to which it benefited, ratification is presumed.

6. EVIDENCE—CONTRACTS—CONSIDERATION MAY BE INQUIRED INTO.

The consideration of a contract, unaffected by the statutes or rules of law pertaining to negotiable instruments, may always be inquired into.

7. GUARANTY—GUARANTORS OF CORPORATION'S NOTES LIABLE ONLY SO FAR AS PAYMENT WAS MADE BY PURCHASER.

Where the officers of a corporation guaranteed payment of notes when due, in consideration of an advance to the corporation by plaintiff of the face of the notes, less reasonable deductions for interest or discount, when such guaranties accompanied by the notes were delivered to plaintiff it was its duty to make payment to the corporation in accordance with the agreement with the guarantors, and, if payment were not made in full, only to the extent to which payment was made are the corporation and the guarantors liable.

8. CONTRACTS—CONSIDERATION—ENFORCEMENT OF CONTRACT.

Where there has been a partial failure of consideration for a contract sought to be enforced, the court may refuse to enforce it except as to that part which is valid.

9. GUARANTY—DAMAGES RECOVERABLE RESTRICTED TO LOSS SUSTAINED.

In an action to recover on contracts of guaranty of the payment of notes purchased by plaintiff from a corporation through its secretary-treasurer, plaintiff's damages are restricted to compensation for the loss sustained, which is *held*, to be the amount of money which the cor-

poration received as the consideration for the execution
and delivery to plaintiff of the contracts of guaranty.

10. PRINCIPAL AND AGENT—GUARANTY—AUTHORITY OF AGENT.
   Whether the secretary-treasurer of a corporation was
   authorized to sign the president's name as a personal
   guarantor of the payment of notes owned by the corpora-
   tion and sold to plaintiff, is *held*, to be a question of fact
   for the jury.

Error to Berrien; White (Charles E.), J.     Sub-
mitted January 3, 1923.   (Docket No. 24.)    Decided
April 27, 1923.

Assumpsit by the National Security & Trust Com-
pany against the Niles Invisible Door Check Company
and others upon a guaranty of the payment of certain
promissory notes.    Judgment for defendants on a
directed verdict.    Plaintiff brings error.    Reversed.

*O'Hara & O'Hara* and *Robert W. Dunn*, for appel-
lant.

*Don E. Minor* and *John J. Sterling*, for appellees.

SHARPE, J.   The defendant company is a Michigan
corporation, with its principal place of business at the
city of Niles.   The books of the company were kept
by its secretary and treasurer, W. D. Johnson, in
Chicago.    In May and June, 1918, certain parties
living in Pittsburgh, Pennsylvania, had given their
notes to the company in payment of stock certificates
issued to them.    Johnson negotiated a sale of these
notes to plaintiff.   Its officers required the defendant
company and its officers individually to guarantee
payment.    Johnson and Nordquist, the vice-president,
signed guarantees typewritten on the back of the
notes by plaintiff's counsel, reading as follows:
"For valuable consideration payment guaranteed."
The name of Bonine as president of the company and
individually was written thereon by Johnson, who testi-

fied that Bonine had authorized him to do so in a conversation over the telephone. The notes were then delivered to plaintiff. They amounted to $7,900, and bore interest at 6 per cent. Johnson received therefor a check, payable to the order of the defendant company, for $5,530.35, and a second-hand automobile, valued at $1,500. More than $900 was allowed as discount. The notes were not paid when due, and plaintiff brings this action against the defendant company, Bonine and Nordquist to recover on the guaranty. Johnson was not made a party. The company and Dr. Bonine appeared, the latter with his plea denying the execution of the guaranty. At the conclusion of the proofs, the trial court directed a verdict for the defendants, for the reason that, as a part of the consideration paid therefor was an automobile delivered to Johnson for his personal use, the sale was void and plaintiff "acquired no title to these notes as against these defendants."

This action is not brought to recover on these notes. It is planted on the contracts of guaranty written on the back of the notes and signed by the guarantors. The declaration avers:

"Plaintiff refused to purchase any of said notes without this guarantee of payment and required this guarantee of payment to be indorsed upon each of said notes and signed by each of said guarantors prior to the purchase of any of said notes by the plaintiff.

"Plaintiff did purchase each of said notes because of the guarantee placed upon each of the notes by the said defendants."

The statute and rules of law pertaining to negotiable instruments, therefore, have no application. That such contracts were written on the backs of the notes has no significance. The undertaking of the guarantors to make payment was absolute. They did not guarantee that collection might be made, but pay-

ment.    While these contracts were made in reference to the notes, they constituted an independent promise to pay them and could be sued thereon, as was done, without making the makers of the notes parties to such action.

The rights and liabilities of the parties must therefore be determined by the terms of the contracts, supplemented by such parol evidence as the law permits.    The consideration for the undertaking of the guarantors was the benefit which the corporation would receive as a result thereof.    In its dealing with Johnson, as secretary-treasurer of the defendant corporation, plaintiff is charged with notice of the power and authority which he possessed, as a matter of law, to act for the corporation in disposing of its assets.    He had no legal right to dispose of these notes for anything except cash or other property reasonably necessary for the use of the corporation in its business. To the extent to which the corporation benefited by the sale, we think it and its officers who individually guaranteed payment are liable on the guaranties. The sale of the notes to plaintiff was not a void transaction.    It might have been ratified by the corporation.    To the extent to which the corporation received and retained the benefit, ratification is presumed.

The consideration of a contract, unaffected by the statutes or rules of law pertaining to negotiable instruments, may always be inquired into.    The guaranties sued on were not entered into for the benefit of the makers of the notes, nor did they pass to plaintiff by indorsement.    They were simple contracts under which the guarantors agreed to make payment of the notes when due in consideration of the advance to them by plaintiff of the face of the notes, less any reasonable deduction in the way of additional interest or discount as might be agreed upon.    When

the guaranties, accompanied by the notes, were delivered to plaintiff by Johnson, it was its duty to make payment to the corporation in accordance with such implied understanding and agreement with the guarantors. It did not do so in full. To the extent to which it did, the corporation and the individual guarantors are liable.

Courts have no right in construing contracts to make new ones between the parties. But when a contract is sought to be enforced, the court has a right, when it appears that there has been a partial failure of consideration, to refuse to enforce it, except as to that part which is valid. Plaintiff is not here seeking to enforce payment of notes which it purchased at less than their face value. It is seeking to collect the damages it sustained by reason of defendants' failure to perform their contracts of guaranty. Such damages are restricted to compensation for the loss sustained. That loss under the facts here presented is the amount of the money which the defendant corporation received as the consideration for the execution and delivery to plaintiff of the contracts of guaranty. The payments credited on the notes appear to have been made by Johnson personally. If so, the defendants may not have the benefit thereof.

It is insisted that the defense here considered was not admissible under the pleadings. This we need not discuss as they may be amended in the court below.

The personal liability of the defendant Bonine is dependent upon a question of fact which the jury must determine.

The judgment is reversed and a new trial granted, with costs to appellant.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.