RIDER *v.* COYNE.

1. CONTRIBUTION—ACTION—EQUITY JURISDICTION NOT EXCLUSIVE.
While equity has jurisdiction to hear controversies between co-sureties for contribution, that jurisdiction is not exclusive, but an action of assumpsit is also an appropriate remedy.

2. GUARANTY—GUARANTORS LIABLE ON NOTE NOT PAID WHEN DUE.
Proof that a guaranteed note was not paid when due establishes the liability of the guarantors without proof that an action had been brought against the maker resulting in a judgment upon which an execution had been issued and returned unsatisfied.

3. EVIDENCE—CONTRIBUTION—VARYING TERMS OF NOTE.
In an action for contribution by a cosurety, who settled liability on a guaranteed note, defendant may not, under the guise of assailing the consideration of the note, introduce parol testimony of a cotemporaneous oral agreement varying its terms.

4. CONTRIBUTION—AMOUNT RECOVERABLE BY COSURETY.
Where the liability of guarantors on a note was settled by one of them for less than the full amount, he is entitled to recover from his cosurety, in an action for contribution, only one-half of the amount paid, and not one-half of the full amount of the note.

Error to St. Joseph; Johnson (Clayton C.), J. Submitted January 15, 1929. (Docket No. 124, Calendar No. 33,925.) Decided March 29, 1929.

Assumpsit by Eugene H. Rider against his co-surety, John M. Coyne, for contribution. From directed verdict for plaintiff for one-half of sum guaranteed plus interest instead of one-half of amount of settlement, defendant brings error. Judgment reversed, and new trial granted.

As to necessity of exhausting the remedies against, or insolvency of principal as condition of enforcing contribution between coguarantors or cosureties, see annotation in 29 A. L. R. 273.

*J. Paul Wait*, for plaintiff.

*Hagerman & Miller* and *Palmer & Weage,* for defendant.

FELLOWS, J. The parties to this suit joined as guarantors of the payment of a $5,000 note of the Sheffield Corporation to one A. C. Visel. The note not being paid at maturity, Visel brought suit against Rider alone. He recovered the full amount less $1,567.71. It does not clearly appear the precise transaction involved in this latter sum, although it is to be inferred that it was for some stock of the corporation which Rider claimed Visel had converted. Afterwards Rider and Visel came to a settlement of the judgment, and Rider paid him $3,500 and some interest, and brought this suit against Coyne, his cosurety, for contribution. A verdict for $2,871.97, which was one-half of the full amount of the original note without any deductions, was directed. We think we will be able to settle the controverted question between the parties, although the record and the assignments of error are not as full and complete as might be desired.

The authorities are too numerous to cite holding that while equity has jurisdiction to hear controversies between cosureties for contribution, that jurisdiction is not exclusive. An action of assumpsit is also an appropriate remedy. The guaranty signed by the parties being a guaranty of payment, their liability was established if the note was not paid without proof that suit had been brought against the maker of the note resulting in a judgment upon which an execution had been issued and returned unsatisfied. *Roberts* v. *Hawkins*, 70 Mich. 566; *Security & Trust Co.* v. *Door Check Co.,* 222 Mich. 510.

The trial judge did not abuse his discretion in refusing defendant permission to amend his notice on the last day of the trial. Nor are we persuaded that the court improperly rejected testimony offered by defendant. Defendant could not, under the guise of assailing the consideration of the note, introduce parol testimony of a cotemporaneous oral agreement varying its terms. *Anderson* v. *Engard* 236 Mich. 221, and authorities there cited.

This brings us to the meritorious question in the case, *i. e.,* the amount plaintiff is entitled to recover. He has paid in cash $3,527.20, being the amount agreed upon by him and Visel in settlement of the judgment plus interest thereon until it was paid. He recovered of defendant one-half the full amount of the $5,000 note together with interest. Authorities will be found sustaining the theory upon which the case was decided in the court below. But the overwhelming weight of authority is to the effect that in suits between cosureties brought for contribution, the party who has settled the liability of all sureties at a sum less than the full amount may only recover from his cosureties their proportionate share of the sum so paid. The theory upon which the cases are bottomed is that the right to contribution is based upon equitable principles, and that in this class of cases equality of the burdens is equity. *Thornton* v. *Damm,* 120 Mich. 510, while not an action between cosureties, involved contribution, and was controlled by the same principle. It was there held (quoting from the syllabus):

"One of several defendants in execution may, after paying the same, recover from his solvent codefendants their proportionate shares, and no more."

See, also, *Craig* v. *Ankeney*, 4 Gill. (Md.) 225; *Fletcher* v. *Grover*, 11 N. H. 368 (35 Am. Dec. 497); *Thompson* v. *Fitzgerald & Ray* (Tex. Civ. App.), 105 S. W. 334; Brandt on Suretyship (3d Ed.), § 313; *Bachelder* v. *Fiske*, 17 Mass. 464; *Stallworth* v. *Preslar*, 34 Ala. 505; *W. & C. Tarr* v. *Ravenscroft*, 12 Gratt. (53 Va.) 642. In the last cited case, it was said:

"From these principles it follows, I think, as a necessary corollary, that if one surety purchases in the common debt for less than its nominal amount, he can only claim contribution of a cosurety for the amount actually paid by him. If it be unjust that one surety should bear the whole burden of a demand to which another, in common with him, has made himself equally liable, and from the payment of which he has derived an equal benefit, so it would be unjust to compel the latter to sustain more than his just and equal share of the necessary loss. The object of the whole doctrine is equity, and equality of burdens is equity."

An opinion on the subject of contribution worthy of careful perusal is *Appleford* v. *Snake River Mining, etc., Co.*, 122 Wash. 11 (210 Pac. 26), reported in 29 A. L. R. 268, with an exhaustive note. While plaintiff was entitled to recover, he was only entitled to recover one-half the amount he had paid to settle with Visel. It was error to allow recovery of one-half the full amount of the note. We have noted that the item of $1,567.71 is left somewhat in doubt. If Rider used stock owned by him in payment of the obligation of himself and defendant, he should recover one-half its value from defendant. If the stock was held as security, both he and defendant should share its benefit.

What we have said should enable the parties to speedily adjust their differences. We must, however, reverse the case for the error pointed out and grant a new trial. Defendant will have costs of this court.

NORTH, C. J., and FEAD, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred. CLARK, J., did not sit.