Harry N. BRODSKY, Plaintiff,

v.

LEHIGH VALLEY INDUSTRIES, INC., a Delaware Corporation, Defendant.

Civ. A. No. 76–71176.

United States District Court,
E. D. Michigan, S. D.

Dec. 21, 1976.

David A. Goldman, Levin, Levin, Garvett & Dill, Southfield, Mich., for plaintiff.

Philip A. Grashoff, Jr., Dahlberg, Mallender & Gawne, Detroit, Mich., for defendant.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

CORNELIA G. KENNEDY, District Judge.

The plaintiff, HARRY N. BRODSKY, filed this action against defendant, LEHIGH VALLEY INDUSTRIES, INC., guarantor on certain convertible subordinated debenture bonds issued by a wholly owned subsidiary of defendant. The plaintiff alleges that the primary obligor, Riverside Manufacturing, Inc. (Riverside), has failed and refuses to pay interest in the amount of $33,147 accrued and due as of June 1, 1976, and that the defendant is an absolute guarantor of the periodic interest payments. The relief requested is that the guarantor pay the entire amount of interest alleged to be due and owing on the debentures plus interest, costs, and attorney's fees.

The defendant has moved to dismiss the complaint on four grounds: (1) the failure to join Riverside as an indispensable party under Rule 19 of the Federal Rules of Civil Procedure; (2) the issues involved in this case may and should be litigated in a pending state court case and this action should be dismissed for that reason; (3) failure to state a claim; and (4) lack of jurisdiction. These contentions will be discussed serially.

■ Whether Riverside is an indispensable party under Rule 19 is dependent on the Michigan law of guaranty. If it is the duty of the plaintiff first to seek relief from the primary obligor before turning to the guarantor on the type of guaranty at issue in this case, then the defendant is correct. Conversely, if the guarantee may sue the guarantor immediately upon the default of the primary obligor, then defendant's position is without merit. Whether the guarantee must first sue the primary obligor depends upon the type of guaranty. While the guarantee may proceed immediately against the guarantor if it is a guaranty of payment, see, e. g., Rider v. Coyne, 246 Mich. 365, 224 N.W. 332 (1929), if it is a guaranty of collection, the guarantee must

first sue the primary obligor. *See Bosman v. Akeley*, 39 Mich. 710 (1878).

The defendant claims that this case involves a conditional guaranty, analogous to a guaranty of collection. The guaranty itself states that "LEHIGH VALLEY INDUSTRIES, INC. . . . hereby guarantees to the holder of the foregoing debenture the full, prompt and complete performance thereof by LEHIGH." Defendant relies on this language as well as the following language within the bond debenture to support its claim:

"No recourse shall be had for the payment of the principal or the interest on this Debenture to any stockholder, officer, or director as such of LEHIGH or guarantor."

The defendant asserts that this language in the debenture makes it clear that the guaranty is conditional or, in other words, that it is a guaranty of collection.

■ The second paragraph quoted is inapplicable to the issue before the court. That paragraph is to protect the officers and directors from any personal liability. The language of the guaranty itself makes it clear that it is a guaranty of performance. Such a guarantee is the equivalent of a guarantee of payment. Since performance in the instant debenture could require more than payment, *i. e.* the issuance of stock, the use of the word performance, rather than payment was appropriate.

■ While there are no Michigan cases which deal with a performance guaranty, those jurisdictions which have considered the matter have concluded that the important consideration is whether a guaranty is conditional or absolute and that an absolute guaranty may be for either performance or payment. *See* 38 C.J.S. Guaranty § 7 at 1139. The editors there state that "an absolute guaranty of performance is placed on the same ground, and subject to the same rules, as a guaranty of payment;" *id.* at 1140. *See also Ives v. Williams*, 143 Va. 855, 129 S.E. 675, 676 (Sp.Ct.App.1925). Defendant has cited no authority to the contrary.

There is no language in the guaranty agreement here which indicates, or even infers, that the guarantee must proceed first against the primary obligor. The facts of the case, particularly the fact that the debentures were issued by a shell corporation and guaranteed by a corporation owning 100% of the shell, militate strongly against inferring a condition.

Since the guaranty made by defendant was the equivalent of an absolute guaranty of payment, under Michigan law the plaintiff (guarantee) was under no duty to proceed first against the primary obligor. In light of this holding, it follows that Riverside is not an indispensable party within the meaning of Rule 19(b), F.R.Civ.P. 19(b).

In *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), the Supreme Court pointed out that, as the Rule makes clear, "findings of 'indispensability' must be based on stated pragmatic considerations." *Id.* at 106–07, 88 S.Ct. at 736. The factors to be considered by a court in determining whether a party should be regarded as indispensable are enumerated within Rule 19(b). An evaluation of these four factors makes it clear to this court that Riverside is not such a party.

First, there is nothing in the pleadings that would convince the court that a judgment rendered in the absence of Riverside would prejudice it or the other parties. There is no basis for finding that a party that the plaintiff would not have to join if he brought suit against the guarantor in state court is somehow prejudiced when the action is brought in federal court. Since there would be *no* prejudice to Riverside involved, there would be no need to make protective provisions in any possible judgment, the second factor the Supreme Court stated should be considered. The third factor is whether an adequate judgment could be rendered, and, as this constitutes an election of remedies by plaintiff, an adequate judgment obviously could be rendered. Finally, the fourth factor, whether plaintiff would have an adequate remedy if the action were to be dismissed, does exist since it

is apparent he would. However, it need not be considered because none of the other factors weigh in favor of defendant's motion to dismiss for nonjoinder. Furthermore, because the identical action could be brought in state court without joining Riverside, it is the opinion of this court that Riverside is not even a party to be joined if feasible within the meaning of Rule 19(a).

■ The defendant's second contention, that the action could and should be litigated as part of a pending state court case, is an equally unmeritorious ground for dismissal.

The action involved in this case is completely unrelated to the action pending in the state court. The state court action is basically a tort action arising out of plaintiff's alleged misfeasance as an officer and director of Riverside. This action, on the other hand, is a contract action arising out of a transaction which is independent of any action the plaintiff may have taken while serving as an officer and/or director of Riverside. In federal parlance, this would be viewed as a permissive counterclaim to the tort claim pending in state court.

■ The third and fourth contentions of defendant, that the complaint fails to state a cause of action and that this court is without jurisdiction, cannot succeed in light of this court's holdings on the first two contentions. Since, under Michigan law, a guarantee may sue the guarantor without proceeding first against the primary obligor, then clearly the complaint states a cause of action in contract. Similarly, since Riverside is not an indispensable party, this court has jurisdiction over this case on the basis of diversity of citizenship.[1]

For the reasons stated above, the motion to dismiss is DENIED.

1. The plaintiff in this case is a citizen of Michigan, and the defendant is a Delaware corporation with its principal place of business in the state of New York.