*In re* CLAIM OF SEIBERLING TIRE & RUBBER CO.

(SEIBERLING TIRE & RUBBER CO. v STATE BANK OF FRASER)

1. MORTGAGES—FUTURE ADVANCES CLAUSES.
   Future advances clauses in land mortgages are valid.

2. MORTGAGES—FUTURE ADVANCES CLAUSES—RECORDING OF MORT-
   GAGE—NOTICE—CONSTRUCTIVE NOTICE—PRIORITY DETERMINA-
   TIONS.
   A second advance is secured by a future advances clause in an
   existing first mortgage as of the date advanced and has priority
   over a subsequent second mortgage where ·the first mortgage
   was properly recorded thereby giving constructive notice of the
   first mortgage and the terms thereof at the time the second
   mortgage was consummated; it is irrelevant to such a priority
   determination that the note evidencing the second advance
   stated that it was unsecured or contained the later notation
   that it was added to the first mortgage because it was incum-
   bent upon the second mortgagee to ascertain the status of the
   prior encumbrance before making its loan to the mortgagors.

Appeal from Macomb, Raymond R. Cashen, J.
Submitted June 24, 1977, at Detroit. (Docket No.
30897.) Decided September 21, 1977.

State Bank of Fraser foreclosed a mortgage
given by Carl A. Cyrowski and Carol E. Cyrowski.
Seiberling Tire & Rubber Co., a second mortgagee,
filed a claim of surplus. Claim of surplus dis-
missed. Seiberling appeals. Affirmed.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by

REFERENCES FOR POINTS IN HEADNOTES
[1] 55 Am Jur 2d, Mortgages § 135.
[2] 55 Am Jur 2d, Mortgages §§ 355–357.

*Joseph A. Ritok, Jr.),* for Seiberling Tire & Rubber Co.

*Howard E. Snapp,* for State Bank of Fraser.

Before: D. C. RILEY, P. J., and BASHARA and P. R. MAHINSKE,* JJ.

BASHARA, J. Plaintiff appeals from an order denying its claim for surplus from a foreclosure sale of real property. Defendant, as first mortgagee, initiated the foreclosure action and was the sole bidder at the sale. Plaintiff contends that a surplus existed from that bid to which it is entitled as second mortgagee.

This case is submitted on a stipulation of facts. Defendant loaned $106,000 to husband and wife mortgagors. A first mortgage securing the loan was recorded on April 22, 1974. The mortgage contained the following future advances provision typed onto defendant's printed mortgage form:

"NINTH. This mortgage shall also secure all other debts and loans of any kind or nature whatsoever covering any borrowed money by the mortgagors, or either of them, from the mortgagee for any purpose whatsoever whether the said mortgagors, or either of them, shall be the maker, endorser, guarantor or otherwise of any negotiable instrument or other form of indebtedness."

A second loan of $24,000 was made by defendant, evidenced by a note dated August 25, 1974.[1]

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The note was signed by the individual mortgagors as officers of a corporation. A guarantee of payment, appearing on the back of the note, was executed by the mortgagors in their individual capacity. This aspect of the case is not mentioned by the litigants. However, since guarantors of payment are for all intents and purposes liable as co-makers, we decide this case as though the loan was made directly

This note bore a handwritten notation "Added to Mtge #5576, 3/22/75",[2] referring to the first mortgage held by defendant.

On October 15, 1974, the same mortgagors executed a mortgage to plaintiff, securing a loan of $66,895. This mortgage was recorded on November 12, 1974.

At the foreclosure sale defendant bid the amount originally advanced under the first mortgage plus the subsequent loan, along with accrued interest and costs allowed by statute.[3] Plaintiff, in its claim of surplus, contended that the subsequent loan was not part of the first mortgage as of the date its second mortgage was recorded. Therefore, any amount bid which exceeded the initial advance under the first mortgage, plus accrued interest and costs, is surplus.

As support for its argument, plaintiff emphasized the fact that the form note evidencing defendant's second loan bears the words "unsecured term note". Plaintiff also argues that the handwritten inscription on the note indicates that if it is secured by the first mortgage, it did not become an advance thereunder until March 22, 1975, after the recordation of plaintiff's second mortgage. Since optional advances under a mortgage are not secured thereby until made, it follows, according to plaintiff, that its mortgage is prior to any lien created by defendant's second advance.

We resolve this case by reference to the various loan documents and *Ladue v The Detroit & Milwaukee R Co,* 13 Mich 380 (1865). Although of

to the individual mortgagors. *See National Security & Trust Co v Niles Invisible Door Check Co,* 222 Mich 510; 193 NW 199 (1923).

[2] The date of the notation is approximately one month after the due date for payment.

[3] MCLA 600.3240; MSA 27A.3240.

ancient vintage, *Ladue* remains as the benchmark by which priorities of competing encumbrances are determined.

It is our conclusion that the defendant's second loan was secured by the lien of the first mortgage as of the date advanced. Therefore, it had priority over the plaintiff's second mortgage. The result is that no surplus was created by the defendant's bid at foreclosure.

The *Ladue* case recognized the validity of future advances clauses in land mortgages. *Id.* at 397. As to the effect of the mortgage as security, the Court stated:

"The instrument can only take effect as a mortgage or incumbrance from the time when some debt or liability shall be created, or some binding contract is made, which is to be secured by it.

* * *

"Though the question does not properly arise here, we take it for granted, for the purposes of this case, that the mortgage instrument may, if properly executed, go upon the record, and become effectual between the parties when the debt or liability contemplated shall have been created * * * . The record of such an instrument might be an intimation that advances and indorsements were contemplated as probable, and that they might, therefore, have been already made; and for this reason might, to this extent, properly put a purchaser or incumbrancer upon inquiry." 13 Mich at 397–398.

We consider it irrelevant to the priority determination that the note evidencing the second loan stated that it was unsecured or contained the later notation that it was added to the first mortgage. It was the mortgage itself that was recorded, not any notes evidencing indebtedness. Plaintiff had con-

structive notice of the defendant's mortgage, and the terms thereof, at the time the second mortgage was consummated. It was incumbent upon plaintiff to ascertain the status of the prior encumbrance before making its loan to the mortgagors. Having failed to do so, plaintiff cannot now complain that it was unaware of the second advance by defendant.

Affirmed. Costs to defendant.