CITIZENS STATE BANK v NAKASH

Docket No. 286990. Submitted December 2, 2009, at Detroit. Decided February 9, 2010, at 9:00 a.m.

Citizens State Bank brought an action in the Macomb Circuit Court against Ramzia Nakash, trustee of the Ramzia Nakash Revocable Trust, seeking declaratory relief as to an alleged surplus created when intervening plaintiffs, Vasilios L., Rose Marie, and George Melistas, defaulted with regard to a mortgage executed between intervening plaintiffs, as mortgagors, and defendant, as mortgagee. Defendant was the only bidder at the sheriff's sale following foreclosure proceedings commenced by defendant, and defendant bid an amount that included the amount stated in the mortgage, which was recorded, and the amount of additional loans from defendant to intervening plaintiffs made after the mortgage was recorded that were allegedly referred to in an unrecorded promissory note referenced in the mortgage. Following the recording of the mortgage, plaintiff loaned intervening plaintiffs money secured by a mortgage on the same property on which defendant held his mortgage. Plaintiff sought the surplus to satisfy its junior mortgage, while defendant asserted that a future advance mortgage was created by the promissory note that was incorporated by reference into its recorded mortgage. The trial court, Peter J. Maceroni, J., held that defendant did not have a future advance mortgage and had therefore created a surplus to which plaintiff was entitled. Defendant appealed the order of judgment.

The Court of Appeals *held*:

MCL 565.901(b) requires that an instrument creating a future advance mortgage be recorded. All the language used by defendant to support the creation of a future advance mortgage is found within the unrecorded promissory note. The recorded mortgage does not contain any future advance language. The trial court correctly determined that the requirements for the creation of a future advance mortgage were not met and that defendant's bid was in excess of his recoverable interest, entitling plaintiff, as a junior mortgagee, to claim the surplus.

Affirmed.

1. MORTGAGES — WORDS AND PHRASES — FUTURE ADVANCES.

    A "future advance" is an indebtedness or other obligation that is secured by a mortgage and arises or is incurred after the mortgage has been recorded, whether or not the future advance was obligatory or optional on the part of the mortgagee (MCL 565.901[a]).

2. MORTGAGES — WORDS AND PHRASES — FUTURE ADVANCE MORTGAGES.

    A "future advance mortgage" is a mortgage that secures a future advance and is recorded; if a recorded mortgage is amended to secure, expressly and not by implication, a future advance arising after the amendment, the mortgage becomes a future advance mortgage at the time the amendment is recorded; the instrument creating a future advance mortgage must be recorded (MCL 565.901 [b]).

*Holzman Ritter & LeDuc, PLLC* (by *Pamela S. Ritter* and *Steven D. DeLuca*), for plaintiff.

*Allen Brothers, PLLC* (by *David W. Jones*), for defendant.

Before: SERVITTO, P.J., and FORT HOOD and STEPHENS, JJ.

PER CURIAM. Defendant, Ramzia Nakash, trustee of the Ramzia Nakash Revocable Trust, appeals as of right the trial court's order of judgment in favor of plaintiff, Citizens State Bank. The court held that defendant did not have a future advance mortgage and, therefore, his bid at a foreclosure sale created a surplus to which plaintiff was entitled as a junior mortgagee. We affirm.

On July 24, 2004, the mortgage at issue was executed between intervening plaintiffs, as mortgagors, and defendant, as mortgagee. The mortgage provided, in part, that "Mortgagors owe Mortgagee the principal sum of Two Hundred Fifty Thousand ($250,000) Dollars pursuant to the terms set forth in that certain promissory note executed on even date herewith (the 'Indebtedness')."

The promissory note referenced in the mortgage contained the following language:

> To secure payment of this Note and all other obligations which Debtor owes to the Holder, whether the obligations are now existing or are hereafter created, whether direct or indirect, whether absolute or contingent, and whether due or to become due, Debtor has agreed to grant Holder a mortgage on certain real estate . . . pursuant to a certain Mortgage executed on even date herewith.

On August 2, 2004, the mortgage was recorded with the Macomb County Register of Deeds. As shown by promissory notes, defendant subsequently loaned intervening plaintiffs $50,000, followed by a second loan of $30,000.[1]

Following the recording of the mortgage, plaintiff loaned intervening plaintiffs $500,000. The loan was secured by a mortgage on the same property on which defendant held a mortgage interest. The mortgage was recorded with the Macomb County Register of Deeds on December 8, 2004. The parties do not dispute that the mortgage in favor of plaintiff is the junior mortgage.

Intervening plaintiffs eventually defaulted under defendant's mortgage. Defendant subsequently commenced foreclosure proceedings and was the only bidder at the resulting sheriff's sale. Defendant's bid of $474,308.95 was apparently based on the original $250,000 loan, along with the subsequent loans, and also included interest and costs permitted by statute. In the trial court, plaintiff contended that it was improper for defendant's bid to include the additional loans. Therefore, according to plaintiff, defendant's bid cre-

---

[1] Defendant claims that there were other loans granted to intervening plaintiffs and that these loans exceeded $124,000. However, as defendant acknowledges, there are no documents available proving the existence of the additional loans.

ated a surplus to which plaintiff was entitled as the junior lien holder. In contrast, defendant asserted that there was no surplus because his mortgage was a future advance mortgage. Defendant acknowledged that the language of the mortgage in question did not explicitly create a future advance mortgage. However, defendant argued that a future advance mortgage was created by the language of the underlying promissory note that was incorporated by reference into the recorded mortgage. The trial court, citing MCL 565.901, held that "defendant's recorded mortgage fails to contain specific language establishing a future advance mortgage." The court elaborated, "It is not sufficient that the mortgage references a promissory note with the requisite language inasmuch as the note was unrecorded." Accordingly, the court concluded that defendant's mortgage lien "is confined to the repayment of the $250,000.00, plus any interest, taxes, and other assessments/costs included." As a result, an order of judgment was entered on June 16, 2008, that declared that defendant's purchase of the foreclosed property created a surplus.

On appeal, defendant asserts that the trial court's order was in error for failing to recognize the future advance mortgage. We disagree.

Whether the instruments here at issue created a future advance mortgage is a question of law. This Court reviews questions of law de novo. *Cardinal Mooney High Sch v Mich High Sch Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991); *Rapistan Corp v Michaels*, 203 Mich App 301, 306; 511 NW2d 918 (1994). To the extent that this case calls for statutory interpretation, review is also de novo. *Esselman v Garden City Hosp*, 284 Mich App 209, 216; 772 NW2d 438 (2009).

MCL 565.901(a) defines "future advance" as "an indebtedness or other obligation that is secured by a mortgage and arises or is incurred after the mortgage has been recorded, whether or not the future advance was obligatory or optional on the part of the mortgagee." MCL 565.901(b), in turn, defines "future advance mortgage" as "a mortgage that secures a future advance and is recorded . . . . If a recorded mortgage is amended to secure, expressly and not by implication, a future advance arising after the amendment, the mortgage becomes a future advance mortgage at the time the amendment is recorded."

MCL 565.901(b) requires that the instrument creating a future advance mortgage be recorded. All the language used by defendant to support the creation of such an advance is found within the unrecorded promissory note. Defendant relies on *Ladue v Detroit & M R Co*, 13 Mich 380 (1865), and *In re Claim of Seiberling Tire & Rubber Co*, 78 Mich App 587, 590-591; 261 NW2d 13 (1977), for his argument that plaintiff was on notice of the future advance nature of the mortgage between defendant and intervening plaintiffs. Defendant correctly cites *Ladue* as requiring reasonable inquiry by a lender. As *Ladue* states:

> The record of such an instrument might be an intimation that advances and indorsements were contemplated as probable, and that they might, therefore, have been already made; and for this reason might, to this extent, properly put a purchaser or incumbrancer upon inquiry. But, unless it is to have a greater effect than the record of other mortgages, it could be notice only of such facts as might have been ascertained by inspection of the instrument and papers referred to, and by inquiry; in other words, by a knowledge of the rights of the parties in respect to the land at the time notice became material. [*Ladue, supra* at 398.]

*Seiberling* did acknowledge the viability of the *Ladue* decision, but focused its attention on what kind of documentation put a subsequent lender on notice of a future advance mortgage. In *Seiberling*,

> [i]t was the mortgage itself that was recorded, not any notes evidencing indebtedness. Plaintiff had constructive notice of the defendant's mortgage, and the terms thereof, at the time the second mortgage was consummated. It was incumbent upon plaintiff to ascertain the status of the prior encumbrance before making its loan to the mortgagors. Having failed to do so, plaintiff cannot now complain that it was unaware of the second advance by defendant. [*Seiberling*, 78 Mich App at 590-591.]

Thus, even before the enactment of the current statute, Michigan law focused on the examination of recorded instruments. The requirements of MCL 565.901 became effective in 1991. 1990 PA 348. The amendment to incorporate the requirement that amendments to mortgages be express and recorded was added in 1992. 1992 PA 35. Defendant misreads the more recent case of *Farm Credit Servs of Michigan's Heartland, PCA v Weldon*, 232 Mich App 662; 591 NW2d 438 (1998), as allowing the creation of future advance mortgages by reference. In *Farm Credit*, the Court found evidentiary error when a trial court failed to consider documents executed contemporaneously with a recorded mortgage to determine if the parties intended the mortgage to be a complete integration of all agreements between them. That analysis, while silent as to whether the other instruments were recorded, focused on the use of contemporaneous documents between parties to those documents. In this case plaintiff and defendant are contractual strangers, governed by statute not the common law. The recorded instrument does not contain any future advance language and the promissory note was unrecorded. Therefore the trial court correctly

determined that the requirements for the creation of a future advance mortgage were not met.

For these reasons, the trial court correctly held that the recorded mortgage's incorporation by reference of an unrecorded promissory note with a future advance clause did not thereby create a future advance mortgage and that defendant's bid on the foreclosed property was in excess of his recoverable interest, entitling plaintiff, as a junior mortgagee, to claim the surplus.

Affirmed.